## INDIANA CIVIL LIBERTIES UNION, INC. *v.* INDIANA WAR MEMORIALS COMMISSION.

[No. 470S89. Filed February 1, 1973. Rehearing denied May 2, 1973.]

*Henry J. Price,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by the Indiana Civil Liberties Union (ICLU) from a judgment affirming the action of the Indiana War Memorials Commission (Commission) wherein the Commission denied the ICLU use of an auditorium in the Indiana War Memorial.*

The Indiana War Memorial is a public building created by the Indiana General Assembly and built with tax funds. The Commission is charged by statute with the responsibility of regulating the use of certain public rooms and a public auditorium housed in the War Memorial. The stated purposes of

---

* This case was re-assigned to this office on December 7, 1972.

the Indiana War Memorial, contained in IC 1971, 10-7-2-8 (Ind. Ann. Stat. § 59-1508 [1961 Repl.]), are as follows:

"Said commission is hereby authorized and directed to erect and maintain . . . a suitable structure or structures to commemorate the valor and sacrifice of the soldiers, sailors and marines of the United States, and of all others who rendered faithful, loyal, heroic and self-sacrificing service, at home and overseas, in the great World War, and to provide therein a place or places of meeting and headquarters for organizations of soldiers, sailors and marines or any other patriotic societies or associations, and for the keeping of records, archives, documents, flags, mementoes and relics *and for other public meetings and other public purposes,* in order to inculcate a true understanding and appreciation of the duties, benefits and privileges of American citizenship, inspire patriotism and respect for the law, to the end that peace may prevail, good will be promoted, justice be administered and established, public order maintained, and liberty and freedom under the law perpetuated." (our emphasis)

The legislation permitting certain public use of the Indiana War Memorial, IC 1971, 10-7-2-27 (Ind. Ann. Stat. § 59-1528 [1961 Repl.]), reads as follows:

"Such commission shall have the power to grant the use, for public purposes, of any structures, or any part thereof, erected by them under the provisions of this act without rent or charge, or for only a nominal rental, to any organizations of soldiers, sailors and marines and others, as a place or places for their meeting and headquarters, and for the keeping of records, archives, documents, flags, mementoes and relics, *and for other public meetings and other public purposes not inconsistent with the purpose of thi. act,* for such time and upon such terms and conditions as said commission may determine." (our emphasis)

Thus it can be seen that the law permits the public use of the War Memorial as long as that use is not inconsistent with the purpose for which the Memorial was established.

We feel the legislature has the power to limit the use of certain dedicated facilities for only certain purposes. For

instance, a courtroom is built for a specific purpose and merely because it is built with public tax monies does not mean it must be open to the public at all times. The statute in this instance is somewhat ambiguous stating several purposes, some of them relating only to commemorating the brave men who fought for this great country and others of a more public and less specific nature.

In its application for the use of the auditorium the ICLU stated that the purpose of the organization is "the furthering of civil liberties of Indiana residents, as guaranteed by Federal and State Constitutions." The purposes for which the auditorium was to be used were: "afternoon—legal discussion of recent developments in constitutional law; evening—discussion of the Bill of Rights (United States Constitution)."

The Commission has the power to promulgate rules for the use of the Memorial. IC 1971, 10-7-2-9 (Ind. Ann. Stat. § 59-1509 [1969 Repl.]). This it has done. War Memorials Commission Rule One, adopted July 18, 1962 and filed September 10, 1962 (Ind. Ann. Rules and Regs. [59-1508]-1 [Vol. 4, 1967] reads as follows:

"The auditorium and meeting rooms may be used, subject to the limitations of the maintenance fund appropriated to the Indiana war memorials commission, for the following purposes:

(a) Meetings of organizations of veterans or members of the armed forces of the United States. Such meetings shall have preference in the use of the auditorium and other facilities of the memorial building.

(b) Meetings of organizations or persons whose programs have patriotic, civic, *educational, historical,* charitable, agricultural, scientific or *cultural* purposes.

(c) Meetings for *purposes of general public interest* which conform to law and these rules." (our emphasis)

The evidence also indicates that various groups have been permitted to use the auditorium including, The American Plywood Association, Andrews Accordion School, Astronom-

ical Society, Audubon Society, Baltic Concert Association, Barbershop Quartet Society, Downtown Promotion—Christmas Parade, Florida College Booster Club, Flyerama ▮▮ Club, Garden Club of Indiana, Indianapolis Aqua Divers, Indianapolis Golf Association, Indianapolis Recording Society, The Latvian Society of Indiana, Inc., The Lawrence School of Music, the National Secretaries Association, a public affairs discussion group, The Spectroscopy Society, The Speleological Society, Scientech Club, Sports Car Club of America, and Xavier University. Thus, the Commission has interpreted uses not inconsistent with the purpose of the Memorial to be almost any public use. We cannot say such an interpretation is incorrect. However, once a pattern is established and an administrative rule is promulgated, an administrative body such as the Commission has a duty, as an arm of State government, to apply the rule fairly and without discrimination. It is clear that the purpose of the meeting and the purpose of the organization in the case at bar qualify for use of the auditorium under either subsection (b) or (c) of the Commission's own rule. The Commission was therefore arbitrary in its action of denying the ICLU use of the auditorium amounting to a denial of equal protection under Art. 1, § 23 of the Constitution of Indiana.

For all the foregoing reason we are of the opinion that the trial court committed error in affirming the action of the Indiana War Memorials Commission in the case at bar. Therefore this cause is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Judgment reversed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 888.